# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MANUEL J. SAMALOT-MARTINEZ** | CIVIL NO. 23-1514 |
| PLAINTIFF | |
| VS. | TORT CIVIL ACTION, MARITIME PERSONAL INJURY |
| **NORWEGIAN CRUISE LINE HOLDINGS, LTD;** **NCL (BAHAMAS) LTD.;** **INSURANCE COMPANY XYZ;** **COMPANY ABC;** **JOHN & JANE DOE.** | TRIAL BY JURY DEMANDED |
| DEFENDANTS | |

## COMPLAINT

**TO THE HONORABLE COURT:**

   **COMES NOW, Manuel J. Samalot-Martinez** ("Plaintiff"), through the undersigned attorney and very respectfully states, alleges and prays as follows:

### PRELIMINARY STATEMENT

   1.   Plaintiff files this claim against Norwegian Cruise Line Holdings, Ltd. and NCL (Bahamas) Ltd. (jointly "NCL" and/or "Defendants") for their negligence in causing Plaintiff's slip and fall in the premises of their cruise ship Norwegian Dawn ("Cruise Ship"). Due to the Plaintiff's slip and fall in the premises of the Cruise Ship, the Plaintiff injured his right side of the body, which includes his right-side ribs and right knee. Plaintiff sought medical treatment for the ribs and knees, culminating in invasive surgery. Therefore, the Defendants are liable for the personally injury sustained by the Plaintiff as well as all foreseeable events such as the medical treatment.

   2.   Plaintiffs hereby bring this action under maritime tort law, 46 U.S.C. 30101, *et seq*,

seeking compensatory damages to redress his pain and suffering as well as mental anguish, which was caused by the negligence of the Defendants.

3. As a direct consequence of the acts and/or omissions set forth herein, Plaintiff suffers and continues to suffer damages which include, but are not limited to, pain and suffering, emotional distress, and mental duress, among other things. The Defendants are jointly and severally liable to the Plaintiffs for the damages alleged herein.

## JURISDICTION AND VENUE

4. The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1331 since the matter of this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff files this action pursuant to maritime tort law, 46 U.S.C. 30101, *et seq*.

5. Additionally, the United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1332 since the matter of this civil action exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, and is between citizens of different states.

6. Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 USC sec. 1367 to hear any Puerto Rico and/or Florida law claims arising from the same nucleus of operative facts.

7. At the time Plaintiff commenced this civil action, and at all times since, Plaintiff is a citizen of Puerto Rico.

8. At the time Plaintiff commenced this civil action, and at all times since, Defendants' state of incorporation is Florida.

9. At the time Plaintiff commenced this civil action, and at all times since, Defendants'

principal place of business is Florida.

10. Pursuant to 28 U.S.C. sec. 1391, venue is proper in the District of Puerto Rico because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

11. Plaintiff demands that all causes of action be tried before a jury.

## PARTIES

12. Plaintiff Manuel J. Samalot-Martinez ("Plaintiff") is of legal age, domiciled and resident of Isabela, Puerto Rico. Plaintiff's physical and postal address is the following: 2260 Carr. 494, Km 1.6, Isabela, PR 00662. Plaintiff's e-mail address is mjsamalot@yahoo.com. Plaintiff's mobile number is 787-515-7419.

13. The Defendants are Norwegian Cruise Line Holdings, Ltd. and NCL (Bahamas) Ltd. (jointly "NCL" and/or "Defendants"). BKH is a for profit business corporation organized and incorporated under the laws of Florida, with their principal place of business in Florida. Its principal office address is: 7665 Corporate Center Drive, Miami, FL 33126. The Plaintiff reserves the right to amend the Complaint if more information is discovered.

14. Co-Defendant Insurance Company XYZ (hereinafter referred to as "Insurance Company XYZ"), held an insurance policy in favor of the Defendants at the time of the incidents described herein, specifically to cover said claims. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

15. Co-Defendant Company ABC (hereinafter referred to as "Company ABC"), is another business company, which is the parent company or an affiliated company of the Defendants, that directed and had knowledge of Defendants' tortious acts of which Plaintiffs are

complaining. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

16. Co-Defendants John & Jane Doe (hereinafter referred to as "Doe"), is another agent, supervisor, official or director who is affiliated with the Defendants, who directed and had knowledge of Defendants' tortious acts of which Plaintiffs are complaining. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

**THE FACTS**

17. The Defendants is an internationally operating cruise line headquartered in Miami, Florida.

18. The Defendants owns, manages, operates, maintains, impacts or otherwise control the Cruise Ship.

19. On or around April of 2022, the Plaintiff obtained tickets from the Defendants to be the passenger of the Cruise Ship.

20. The Cruise Ship was set to sail from Southampton, United Kingdom on October 15th, 2022.

21. The route of the Cruise Ship was a 10-night cruise from the United Kingdom to Italy.

22. The Plaintiff boarded on the Cruise Ship on October 15th, 2022, the date the Cruise Ship sailed away.

23. The Plaintiff was given Cabin 8058 of the Cruise Ship.

24. On October 17th, 2022, the Plaintiff suffered an accident just outside Cabin 8058.

25. In or around noon of October 17th, 2022, while the Plaintiff was exiting Cabin 8058,

personnel of the Cruise Ship left unattended cleaning buckets just outside of the Cabin door.

26. Unaware of the unattended cleaning buckets just outside of the Cabin door, the Plaintiff tripped and fell on the hallway just outside Cabin 8058.

27. The Plaintiff injured his ribs and his right knee when he fell on the hallway.

28. After the Plaintiff fell, he was attended by personnel of the Cruise Ship.

29. The Plaintiff went to the Front Desk to seek information as to the medical area of the Cruise Ship.

30. The Plaintiff was attended by Dr. John M. Hurley ("Dr. Hurley").

31. Dr. Hurley gave medical treatment to the Plaintiff, by prescribing certain pills for the pain and taking X-Rays of the rib area.

32. In addition to receiving medical treatment, Security Personnel of the Cruise Ship conducted an investigation related to the accident, by inspecting the area, taking photographs and conducting an alcohol test on the Plaintiff, which resulted in negative alcohol.

33. After Security Personnel of the Cruise Ship completed its investigation, they gave a Report to the Plaintiff to review.

34. The Plaintiff reviewed the Report and signed the same, because he agreed with the content that demonstrated that the personnel of the Cruise Ship left unattended cleaning buckets just outside of the Cabin door of the Plaintiff.

35. The personnel of the Cruise Ship removed the unattended cleaning buckets just outside of the Cabin door of the Plaintiff and replaced the same with a cleaning station.

36. As a result of the accident, the Plaintiff continued to suffer pain in the areas where he fell. Specifically, the Plaintiff was suffering on the right part of his body, that is, the right side of ribs, the right shoulder, the right knee and right ankle.

37. Throughout the rest of the journey in the Cruise Ship, the Plaintiff continued suffering pain and movement limitation in the right side of his body. The Plaintiff remained mostly inside his Cabin due to excessive pain on the rib cage area and an unusual swelling of the right knee and right ankle.

38. On October 30th, 2022, the Plaintiff returned to Puerto Rico.

39. The Plaintiff sought medical assistance for the pain and discomfort on his ribs and knees, which continued for several days.

40. On November 9th, 2022, the Plaintiff sought medical assistance by seeking medication and performing additional X-Rays around his rib area.

41. The Plaintiff continued to suffer pain and difficulty while walking, which persisted and got worse.

42. Around December 16th, 2022, the Plaintiff's right knee got locked and the Plaintiff was unable to move it at all.

43. On December 18th, 2022, the Plaintiff sought medical emergency assistance, by seeking medical treatment and X-Rays for his Right Knee.

44. While the Plaintiff was awaiting the results, the Plaintiff was given crutches in order to assist him while he walked.

45. On or around late January of 2023, the Plaintiff continued to receive X-Rays and MRI scans on his right knee.

46. On or around late February of 2023, the medical doctors recommended a right knee surgery, which was scheduled with an Orthopedic Surgeon.

47. On or around late March of 2023, the surgery was conducted on the Plaintiff's right knee.

48. Months after the surgery of the right knee, the Plaintiff received physical therapy for his right knee.

49. The Plaintiff understands that his pain and injuries related to his ribs and his right knee were caused by the accident that occurred on October 17th, 2022.

50. The Defendants had a duty to protect the Plaintiff from any particular injury, such as a fall.

51. The Defendants breached their duty to protect the Plaintiff from any particular injury, when its personnel of the Cruise Ship left unattended cleaning buckets just outside of the Cabin door of the Plaintiff.

52. By leaving the unattended cleaning buckets just outside the Cabin door of the Plaintiff, the personnel of the Cruise Ship were the proximate cause of the injury of the Plaintiff.

53. The Plaintiff suffered actual harm, because he kept suffering pain all across the right side of his body, that is, the right side of ribs, the right shoulder, the right knee and right ankle.

54. As a result of Defendants' tortious actions, Plaintiff has suffered and continue to suffer pain and mental anguish, amongst other damages.

## FIRST CAUSE OF ACTION
## TORT CLAIMS

55. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

56. The Defendants had a duty to protect the Plaintiff from any particular injury, such as a fall.

57. The Defendants breached their duty to protect the Plaintiff from any particular

injury, when its personnel of the Cruise Ship left unattended cleaning buckets just outside of the Cabin door of the Plaintiff.

58. By leaving the unattended cleaning buckets just outside the Cabin door of the Plaintiff, the personnel of the Cruise Ship were the proximate cause of the injury of the Plaintiff.

59. The Plaintiff suffered actual harm, because he kept suffering pain all across the right side of his body, that is, the right side of ribs, the right shoulder, the right knee and right ankle.

60. It was foreseeable that the Defendants negligence in leaving unattended cleaning buckets just outside of the Cabin door of the Plaintiff, would have caused a passenger to trip and fall.

61. Defendants had a duty of reasonable care as a prudent and reasonable person under the circumstances in order to not cause harm to its Passangers.

62. Defendants breached their duty of reasonable care by not acting as a prudent and reasonable person under the circumstances, thus causing harm to the Plaintiff.

63. Defendants' actions constitute an act or omission which caused damages to the Plaintiff. Said act or omission was incurred due to fault or negligence.

64. Defendants are liable to Plaintiff.

65. John & Jane Doe's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

66. John & Jane Doe's are liable to Plaintiff.

67. Company ABC's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

68. Company ABC is liable to Plaintiff.

69. The Defendants are vicariously liable for damages caused by their officers and/or employees in their service.

70. Defendants' actions as subsidiary company of Company ABC constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

71. Therefore, Company ABC is vicariously liable for damages caused by the Defendants in their service pursuant to the PRCC.

72. All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

73. As a direct result of the acts and omissions of all the Defendants, Plaintiffs suffer continuous and increasing severe physical pain and suffering, severe mental stress and anguish, and any other damages.

74. The Plaintiff's damages cannot be reasonably calculated at this time, but are estimated in an amount no less than five hundred thousand dollars ($500,000.00) as just compensation for their physical damages, pain and suffering, mental stress and anguish, past, present and future damages and any other damages this Court deems just.

## SECOND CAUSE OF ACTION

## INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE

75. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

76. Insurance Company XYZ is directly, jointly and severally liable, along with the other Defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

## ATTORNEYS FEES AND PREJUDGMENT INTEREST

77. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

78. Defendants are liable to Plaintiff for attorney's fees and costs pursuant to federal and state laws.

79. Defendant is liable for prejudgment interest pursuant to federal and state laws.

## DEMAND FOR JURY TRIAL

80. Plaintiffs demand a trial by jury as to all claims and issues alleged herein.

## PRAYER

Wherefore, all allegations considered, Plaintiffs pray that judgment be entered in their favor and against all Defendants', specifically:

1. Granting Plaintiff's Complaint against all Defendants. This Court should grant Plaintiff's Complaint in all respects and render a judgment in his favor, awarding Plaintiff the currently estimated damages of the amount no less than five hundred thousand dollars ($500,000.00).

2. Awarding Plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

3. Awarding Plaintiff any and all other relief to which Plaintiff may be justly entitled.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 13th day of October, 2023.

*/S/VICTOR M. RIVERA-RIOS*
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
1420 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Tel: (787) 727-5710
Fax: (787) 268-1835
Cel: (787) 565-3477
E-Mail: victorriverarios@rcrtrblaw.com
info.vrr@rcrtrblaw.com